FREDERICK BYRD v. DR. RICHARD P. HANCOCK

No. 8611SC1317

(Filed 4 August 1987)

1. **Physicians, Surgeons and Allied Professions § 13— medical malpractice—statute of limitations—last act of defendant—earlier acts of defendant**

   Where plaintiff instituted an action against defendant doctor on 22 August 1985 for setting his broken leg improperly on 6 May 1982 and for failing to detect the deformity when defendant X-rayed his leg and discharged him on 25 August 1982, the trial court erred in ruling that any claim for acts or omissions which occurred more than three years before the action was com-

Byrd v. Hancock

menced was barred by N.C.G.S. § 1-15(c) since plaintiff's claim accrued on 25 August 1982 when the last act of the defendant giving rise to the cause of action occurred, and, having commenced his action within three years of that date, plaintiff could properly rely on acts or omissions that occurred earlier so that none of his claim was barred by the statute of limitations.

2. **Physicians, Surgeons and Allied Professions § 15.2— medical malpractice— physician's affidavit—familiarity with standards in county unnecessary**

A physician's affidavit was not improperly considered by the trial court in ruling on defendant's motion for summary judgment in a medical malpractice case because no evidence was presented to show that the affiant was familiar with the standards of medical practice in Harnett County since defendant's forecast of proof did not call into question either the propriety of defendant's treatment of plaintiff or the medical standards of Harnett County, and since the knowledge of local medical practices was not a prerequisite to the admission of an experienced physician's opinion about a medical record he has studied or the efficacy of a medical procedure with which he is familiar.

APPEAL by plaintiff and defendant from *Barnette, Judge.* Order entered 11 September 1986 in Superior Court, HARNETT County. Heard in the Court of Appeals 12 May 1987.

Plaintiff appeals and defendant cross appeals from a partial summary judgment in favor of defendant doctor, who plaintiff sued on 22 August 1985 for setting his broken leg improperly and for failing to detect and correct the deformity. The complaint alleges that plaintiff was under defendant's care from 6 May 1982, the day the leg was injured, until 25 August 1982 when defendant advised him the fractures were healed and discharged him. Defendant denied the material allegations in the complaint and pleaded in defense that the action was barred by the applicable statute of limitations.

Defendant's motion for summary judgment was supported by his own affidavit, to the following effect: Defendant began treating plaintiff immediately following the fracture of both bones of the left leg; he put a cast on the leg and treated plaintiff in the hospital until 12 May 1982; on 16 June 1982 he removed the cast, noting that an ulcer had developed on the left heel, and took X-rays which indicated that the fractures had not fully healed; on 24 June 1982 defendant considered recasting the leg, but decided against it, and after examining plaintiff instructed him to return on 2 July 1982; that appointment was not kept by plaintiff and defendant next saw him on 25 August 1982 in the hospital emergency room when plaintiff came in without an appointment com-

plaining of pain in his heel. At that time defendant examined and took X-rays only of the heel; plaintiff did not complain about the fracture and "there was no evidence of any rotational deformity"; no medical treatment of the leg was rendered; in defendant's opinion no medical treatment that could have affected the result of the prior treatment could have been begun at that time. Attached to the affidavit, according to defendant, were all of plaintiff's medical records which show, among other things, that plaintiff's injured leg was X-rayed on 11 May 1982, 16 June 1982 and 25 August 1982 and that the August 25 X-rays were interpreted by the hospital radiologist as showing that the healing of the fractured bones was incomplete.

Plaintiff's response to defendant's affidavit consisted mostly of his own affidavit and that of Dr. Barry Jacobs, a Maryland physician specializing in general surgery with some claimed expertise in orthopedics and emergency room medicine. In his affidavit plaintiff stated, in pertinent part, that he was under defendant's care until 25 August 1982 when defendant X-rayed his leg and discharged him, and that sometime subsequent thereto he ascertained that the fractured bones in his leg had grown back in an improper position. By his affidavit Dr. Jacobs stated in substance that: After reviewing all of plaintiff's X-rays and hospital records he was of the opinion that all the X-rays taken during the healing period showed an excessive, unacceptable degree of angulation of one of the fractured leg bones; the same degree of angulation as before was shown by the 25 August 1982 X-ray; if defendant had begun special orthopedic casting and bracing on 25 August 1982 when the last X-rays were taken it probably would have corrected the deformity; the need for special orthopedic casting or corrective surgery was "evident in the X-rays of August 25, 1982 and previous"; on 25 August 1982 plaintiff was still in a convalescent healing period and obviously in no condition to be discharged from the care of his physician; according to the records plaintiff continued as defendant's patient through 25 August 1982.

*Bryan, Jones, Johnson & Snow, by Robert C. Bryan, for plaintiff appellant-appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James G. Billings and Susan M. Parker, for defendant appellee-appellant.*

PHILLIPS, Judge.

[1]   In ordering partial summary judgment for defendant the trial judge ruled that "any claim for any acts or omissions which occurred prior to 22 August 1982" (three years before suit was filed) is barred by G.S. 1-15(c). The ruling is erroneous. G.S. 1-15(c) provides that except where otherwise provided by statute, the statute of limitations for medical malpractice actions is three years and the cause of action is deemed "*to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action.*" (Emphasis supplied.) According to plaintiff's evidence the last act of the defendant giving rise to the cause of action occurred on 25 August 1982 when defendant failed to note from the X-rays taken that day that the fractured bones of plaintiff's leg were healing in an improper position and failed to take steps to correct the deformity that developed; and having instituted suit within three years of that day he is not barred from relying upon acts or omissions that occurred before then, since under the terms of the statute his cause of action accrued on that day, rather than earlier. In view of the evidence that he examined and X-rayed plaintiff's leg on 25 August 1982, defendant's argument that plaintiff's failure to keep the 2 July 1982 appointment terminated the physician-patient relationship as a matter of law is unavailing. For that matter defendant's own affidavit, even though it contains a denial to the contrary, indicates that he examined plaintiff's injured leg on 25 August 1982; for in it he states as a fact, which if true could only have been ascertained by examining the leg, that on that day there was no "evidence of rotational deformity." In any event, viewing this and the other evidence presented in the light most favorable for the non-movant plaintiff, as our law requires, *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974), it is quite clear that no part of plaintiff's claim is barred as a matter of law and that when defendant last treated plaintiff's injured leg, what its condition then was, and whether it could have been corrected are issues of fact for a jury to determine. Since no part of plaintiff's action is barred by the statute of limitations, it necessarily follows that defendant's cross appeal from the court's failure to dismiss plaintiff's entire claim on that ground has no merit, and we overrule it.

[2]   In cross appealing defendant also brought forward an assignment of error contending that the court erred in considering the

affidavit of Dr. Jacobs. This assignment is broadside not in compliance with the provisions of Rule 10(c), N.C. Rules of Appellate Procedure, because it does not state the legal basis for the error alleged. Though the assignment raises no question for appellate review, the argument made to support it is so singularly fallacious we chose to discuss it. The argument, vigorously and extensively made, is that the affidavit was improperly considered because no evidence was presented to show that Dr. Jacobs is familiar with the standards of medical practice in Harnett County; an argument clearly irrelevant to the issues raised at the hearing on defendant's motion for summary judgment. At that hearing the only issues defendant addressed by his evidence were the statute of limitations, the date when defendant last did anything or failed to do anything in regard to plaintiff's injured leg, and whether at that time the deformity that developed was correctable. Since defendant's forecast of proof did not call into question either the propriety of defendant's treatment of plaintiff or the medical standards of Harnett County, plaintiff was not obliged to make any showing whatever with respect to these matters. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). Furthermore, Dr. Jacobs' affidavit did not concern the standards of medical practice in Harnett County. It concerned only the condition of plaintiff's leg as revealed by the X-rays and medical records and the efficacy of an universally known procedure in correcting tibial and fibular fractures that heal with excessive angulation. The condition of a fractured bone, as shown by X-rays and medical records, and its effective treatment is not a matter that is within the idiosyncratic province of local practitioners; it is a medical matter within the competence of any physician that is educated and experienced in that field, as Dr. Jacobs' affidavit indicates that he is. Certainly, it is not the law, as defendant seemingly argues, that knowledge of local medical practices is a prerequisite to a medically educated, experienced physician expressing an opinion about a medical record that he has studied or the efficacy of a medical procedure that he is familiar with.

As to plaintiff's appeal—reversed.

As to defendant's cross appeal—affirmed.

Judges COZORT and GREENE concur.