VULCAN MATERIALS COMPANY, INC., THEODORE R. TEMPLETON, SR., NOMARLE C. TEMPLETON, THEODORE R. TEMPLETON, JR., RUTH D. TEMPLETON, JAMES M. TEMPLETON and PEGGY R. TEMPLETON, Plaintiffs v. IREDELL COUNTY, IREDELL COUNTY DIRECTOR OF INSPECTIONS, Defendants

No. 9022SC1251

(Filed 20 August 1991)

Municipal Corporations § 30.20 (NCI3d) — moratorium on building permits pending zoning — no notice before ordinance adopted — ordinance invalid

An ordinance passed by the Iredell County Board of Commissioners imposing a moratorium on building permits pending zoning was invalid, since there was no notice to the public or advertised public hearing prior to adoption of the ordinance as required by N.C.G.S. § 153A-323.

Am Jur 2d, Zoning and Planning §§ 72, 74, 338.

APPEAL by defendants from order entered 13 September 1990 by *Judge Julius A. Rousseau, Jr.*, in IREDELL County Superior Court. Heard in the Court of Appeals 6 June 1991.

In February 1990 plaintiff Vulcan Materials Company, Inc. ("Vulcan") either applied for a building permit for structures to be placed on unzoned property in Iredell County where it planned to develop a quarry or simply made inquiries regarding the permit process (the date of application is disputed by the parties). Vulcan was told that in order to obtain a building permit, it would need to install a septic tank, obtain an erosion control permit (or a determination that a permit would not be required), and obtain a driveway permit.

On 14 March 1990, after Vulcan had taken the necessary steps, the Iredell County Inspections Department denied Vulcan's request for a building permit because on 6 March 1990 the Iredell County Board of Commissioners ("Board") had passed an ordinance placing a 60-day moratorium on the issuance of building permits. Prior to Vulcan's efforts to obtain a building permit, the Board had taken steps to enact a complete countywide zoning ordinance covering the property upon which Vulcan planned to construct its quarry. A Land Development Plan had been adopted in October 1987, but

VULCAN MATERIALS CO. v. IREDELL COUNTY

[103 N.C. App. 779 (1991)]

no zoning ordinance covering the property was in place during the pertinent period of time in this case.

Because there had been requests for building permits in this unzoned area of the county "for structures that [were] out of compliance with the land use study and [would] be out of compliance with the proposed zoning of the area under the countywide zoning plan," the Board adopted an ordinance on 6 March 1990 restricting "any building permits being issued in all areas not currently zoned if the building permit calls for uses of the land other than that stated in the land use plan." The ordinance provided that the restriction was to be in force "for sixty days unless extended by the board of commissioners. . . ."

The denial of Vulcan's application for the permit was confirmed by letter dated 19 March 1990 from the Director of Inspections stating that the Board's "action does not allow issuance of permits for uses not in compliance with the county's adopted Land Development Plan."

Plaintiffs brought this action requesting the trial court declare the moratorium to be void and seeking a mandatory injunction directing the defendant Director of Inspections to issue the requested building permit. On 10 July 1990, plaintiff Vulcan moved for summary judgment. On 13 September 1990, the trial court granted the summary judgment motion and ordered the Department of Inspections to issue the requested building permit.

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr. and M. Elizabeth Gee, for plaintiff-appellees.*

*Pope, McMillan, Gourley, Kutteh & Parker, by William P. Pope, for defendant-appellants.*

ORR, Judge.

Defendants contend that the trial court erred in granting summary judgment on the grounds that genuine issues of material fact exist and that plaintiffs are not entitled to judgment as a matter of law. For the reasons set forth below, we affirm the order of the trial court.

"Review of summary judgment on appeal is limited to whether the trial court's conclusions are correct as to the questions of whether there is a genuine issue of material fact and whether the movant

is entitled to judgment." *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E.2d 584 (1980). "This remedy allows the trial court to decide whether a genuine issue of fact exists, but it does not permit the trial court to decide an issue of fact." *Summey Outdoor Advertising, Inc. v. County of Henderson*, 96 N.C. App. 533, 537, 386 S.E.2d 439, 442 (1989), *disc. review denied*, 326 N.C. 486, 392 S.E.2d 101 (1990). "In ruling on a motion for summary judgment the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986).

Here the trial court made findings of fact and conclusions of law. "While it is not advisable to make findings of fact in a summary judgment proceeding, such findings do not render the summary judgment invalid." *Summey*, 96 N.C. App. at 537, 386 S.E.2d at 442.

A trial judge is not required to make finding[s] of fact and conclusions of law in determining a motion for summary judgment, and if he does make some, they are disregarded on appeal. Shuford, N.C. Practice and Procedure, Sec. 56-6 (1977 Supp.). Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper. However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E.2d 162 (1975).

*White v. Town of Emerald Isle*, 82 N.C. App. 392, 398, 346 S.E.2d 176, 179-80, *disc. review denied*, 318 N.C. 511, 349 S.E.2d 874 (1986) (quoting *Mosley v. National Finance Co.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147, *disc. review denied*, 295 N.C. 467, 246 S.E.2d 9 (1978)).

* * *

Under N.C. Gen. Stat. § 153A-45 (1987), notice and public hearing are not mandated for the adoption of ordinances. However, before adopting any ordinance authorized by Article 18 of Chapter 153A of the General Statutes, which governs county planning and regulation of development, certain procedural and notice requirements must be met. N.C. Gen. Stat. § 153A-323 (1987). N.C. Gen. Stat. § 153A-323 states: "Before adopting or amending any ordinance authorized by this Article . . . , the board of commissioners shall hold a public hearing on the ordinance or amendment. The board shall cause notice of the hearing to be published once a week for two successive calendar weeks. . . ." Article 18 governs zoning, subdivision regulation, building inspection (including issuance of building permits), and community development. *See* N.C. Gen. Stat. §§ 153A-320 to -377.

Here the record does not reveal under which provision the moratorium on building permits was enacted. Although no specific authority exists for the imposition of a moratorium on the issuance of building permits pending zoning, we must ultimately decide whether this type of ordinance is within the purview of Article 18. We conclude that it is. The trial court found that the defendants had conceded "that the moratorium ordinance had the effect of making the unzoned areas of the County subject to zoning restrictions prior to the adoption of a zoning ordinance applicable to those areas." Zoning is covered by Article 18, and the ordinance deals specifically with the issuance of building permits, which is also covered by Article 18.

> If an ordinance substantially affects land use, it must be enacted under the procedures which govern zoning and rezoning. To entirely prohibit a person from building upon his property even temporarily is a substantial restriction upon land use. Consequently, it is not too much to ask that a municipality follow the same procedures with respect to notice and hearing before it puts such a moratorium into effect.

*City of Sanibel v. Buntrock*, 409 So.2d 1073, 1075 (Fla. D. Ct. App. 1981), *disc. review denied*, 417 So.2d 328 (Fla. 1982).

Here there was no notice to the public or advertised public hearing prior to adoption of the ordinance as required by N.C. Gen. Stat. § 153A-323. Therefore, we affirm the trial court's conclusion that the ordinance passed by the Board imposing the moratorium on building permits pending zoning is invalid.

Defendants also argue that the trial court erred in finding that Vulcan actually applied for a building permit on 14 February 1990 prior to the enactment of the moratorium. It is clear, however, from the record that Vulcan did apply for a permit on 14 March 1990 prior to the enactment of the zoning ordinance and was denied the permit on the basis of the moratorium. Because we concluded above that the moratorium was invalid, the trial court's finding was unnecessary for its determination as to the ordinance's invalidity. Further, defendants also assigned as error the trial court's finding that the ordinance was not enacted as required by N.C. Gen. Stat. § 153A-45; however, we concluded above that this ordinance is within the purview of Article 18 and must be enacted in compliance with N.C. Gen. Stat. § 153A-323.

For the reasons above, we affirm the order of the trial court.

Affirmed.

Judges COZORT and WYNN concur.