SANDY MUSH PROPERTIES, INC. PLAINTIFF (HANSON AGGREGATES SOUTHEAST, INC., FORMER PLAINTIFF) v. RUTHERFORD COUNTY, BY AND THROUGH THE RUTHERFORD COUNTY BOARD OF COMMISSIONERS, DEFENDANTS

No. COA02-1587

(Filed 21 October 2003)

**Zoning— building moratorium—public notice requirement— police power**

The trial court erred by denying summary judgment for plaintiffs, and by granting summary judgment for defendant county, on a claim for an injunction against enforcement of a moratorium against operation of new or expanded heavy industry within 2,000 feet of structures including schools. The public hearing at which the moratorium was passed took place without sufficient public notice; defendant cannot avoid the requirements of N.C.G.S. § 153A-323 simply because the ordinance stated it was enacted pursuant to the county's general police powers.

Appeal by plaintiff from an order entered 3 September 2002 by Judge W. Douglas Albright in Rutherford County Superior Court. Heard in the Court of Appeals 11 September 2003.

*Bazzle & Carr, P.A., by Eugene M. Carr, III, for plaintiff-appellant.*

*Sigmon, Clark, Mackie, Hutton, Hanvey, & Ferrell, P.A., by Warren A. Hutton and Forrest A. Ferrell; Nanney, Dalton & Miller, L.L.P., by Walter H. Dalton and Elizabeth Thomas Miller, for defendant-appellee.*

HUNTER, Judge.

Sandy Mush Properties, Inc. ("plaintiff") appeals an order denying its Motion for Summary Judgment and Motion to Amend Complaint; and granting Rutherford County's ("the County"), by and through the County Board of Commissioners ("the Board") (collectively "defendants"), Motion for Summary Judgment. For the reasons stated herein, we reverse.

On 21 June 2001, defendants ran a legal advertisement in *The Daily Courier*, a newspaper of general circulation in the County, noticing a public hearing to be held on 2 July 2001. The hearing was in reference to a proposed Polluting Industries Development Ordinance ("PIDO") that prohibited the operation of a new or expanded heavy industry within 2,000 feet of a church, school, residence or other structures.

At the time of the notice's publication, Hanson Aggregates Southeast, Inc. ("Hanson") had an option to lease a tract of land in the County from plaintiff that consisted of approximately 180 acres ("the Property") that was within 2,000 feet of a school boundary. On 26 June 2001, Hanson applied to the County Building Department for a building permit to operate a crushed stone quarry on the Property. The request was denied. Hanson was informed that it needed to obtain approval from the County Health Department for a septic tank and submit a set of building plans for the proposed site that were stamped by a North Carolina licensed engineer.

On 2 July 2001, the Board conducted a public hearing on the proposed PIDO. Hanson attended the hearing and spoke in opposition to the proposed ordinance. At the close of the hearing, a County Commissioner moved that an ordinance imposing a 120-day moratorium to prohibit the initiation of heavy industry in the County school zones be adopted, during which time the County Planning Commission could study a land use ordinance which would regulate future construction of heavy industry within school zones.[1] The motion was approved.

On 28 August 2001, the County Planning Commission recommended that the proposed PIDO not be adopted by the Board. Thereafter, Hanson renewed its application for a building permit on 31 August 2001. The application included a copy of building plans

---

1. The land use ordinance that was studied during the 120-day moratorium would later be known as the School Zone Protective Ordinance.

that had been stamped by a North Carolina licensed engineer. Nevertheless, the County Building Department denied the permit based upon the moratorium.

On 12 September 2001, Hanson filed a complaint against defendants requesting that they be enjoined from enforcing the moratorium because defendants had violated statutory procedures by not publishing adequate notice of the public hearing at which the moratorium was passed. Hanson's complaint also requested a Writ of Mandamus requiring defendants to issue it a building permit. Following a 28 September 2001 hearing on this matter, the trial court concluded that the moratorium "was not an exercise of the [County's] police power and was therefore invalid." Thus, defendants were enjoined from enforcing the moratorium and were ordered to issue Hanson the building permit; however, the court's order provided that its "findings of fact and conclusions of law concerning the injunction [were] not binding on any future court hearing this matter."

During that same time, the Board met and considered the School Zone Protective Ordinance ("SZPO") on 4 September 2001, which prohibited the construction or operation of any heavy industry in areas identical to those listed in the moratorium. The Board unanimously voted to adopt the SZPO pursuant to the County's general police powers under Section 153A-121 of the North Carolina General Statutes. Thereafter, Hanson filed an Amended Verified Complaint and Petition for Mandamus. Defendants answered and counterclaimed that Hanson should be enjoined from operating a crushed rock quarry on the Property because it would be in violation of the SZPO. Following Hanson's reply to the counterclaim, defendants filed a Motion for Summary Judgment on 21 June 2002.

On 2 July 2002, it was announced that Hanson had terminated its lease with plaintiff and that plaintiff was willing to be substituted for Hanson in the action, ratifying all claims by Hanson. An order approving substitution of the parties was entered on 8 August 2002. Prior to the entry of the order, however, plaintiff filed a Motion to Amend (Hanson's Amended Verified) Complaint to add another claim on 30 July 2002, as well as its own Motion for Summary Judgment. Defendants filed an objection to the Motion to Amend Complaint.

The parties' motions were heard on 12 August 2002. The trial court subsequently denied both of plaintiff's motions and granted defendants' Motion for Summary Judgment. Finally, the court dis-

missed plaintiff's claims and dissolved the Writ of Mandamus and preliminary injunction issued as a result of the 28 September 2001 hearing. Plaintiff appeals.

Plaintiff assigns error to the trial court's denial of its Motion for Summary Judgment and grant of defendants' Motion for Summary Judgment. Specifically, plaintiff contends that the public hearing at which the moratorium was passed, ultimately resulting in the denial of its building permit, took place without sufficient notice pursuant to Section 153A-323 of our statutes. We agree.

Generally, "notice and public hearing are not mandated for the adoption of ordinances." *Vulcan Materials Co. v. Iredell County*, 103 N.C. App. 779, 782, 407 S.E.2d 283, 285 (1991). However, our statutes and case law recognize an exception for the adoption of any ordinance authorized by Article 18 of Chapter 153A. *Id.* "Article 18 governs zoning, subdivision regulation, building inspection (including issuance of building permits), and community development." *Id.* at 782, 407 S.E.2d at 286. When the adoption of an ordinance authorized under this article is at issue, the county board of commissioners is required to "hold a public hearing on the ordinance . . . [and] shall cause notice of the hearing to be published once a week for two successive calendar weeks." N.C. Gen. Stat. § 153A-323 (2001). Failure to adhere to the notice requirements of Section 153A-323 will result in any subsequently enacted ordinance covered by Article 18 being invalid as demonstrated by this Court's holding in *Vulcan*.

In *Vulcan*, the plaintiff challenged a local ordinance imposing a 60-day moratorium on the issuance of building permits pending the enactment of a zoning ordinance. The plaintiff asserted that the moratorium violated Section 153A-323 and its requirements of notice to the public and a public hearing prior to the moratorium's adoption. The trial court granted summary judgment in favor of the plaintiff and ordered that the requested building permit be granted. On appeal by the defendants, the *Vulcan* Court determined that no specific authority existed for the imposition of a moratorium on the issuance of building permits pending zoning. Nevertheless, it concluded that the defendants' moratorium was within the purview of Article 18 because both zoning and ordinances imposing moratoriums that deal specifically with the issuance of building permits are governed by Article 18. Thus, the defendants' failure to hold a public hearing or give notice, as required under Section 153A-323, invalidated the moratorium. *Vulcan*, 103 N.C. App. at 782, 407 S.E.2d at 286.

The present case is analogous to *Vulcan*. As in *Vulcan*, this case involves an ordinance imposing a moratorium that effectively denied plaintiff the issuance of a building permit pending enactment of the SZPO. Since the moratorium "deal[t] specifically with the issuance of building permits, [it] is . . . covered by Article 18[,]" and its adoption had to comply with the notice requirements of Section 153A-323. *Id.* Yet, only one advertisement noticing the public hearing at which the moratorium was adopted appeared in the local paper approximately ten days prior to the hearing, despite Section 153A-323's requirement that "[t]he board shall cause notice of the hearing to be published once a week for two successive calendar weeks." N.C. Gen. Stat. § 153A-323. The moratorium was therefore invalid.

It should be noted that defendants argue that any notice of a public hearing was unnecessary because the moratorium was allowable under the County's police power pursuant to Section 153A-121 of our statutes and *PNE AOA Media, L.L.C. v. Jackson Cty.*, 146 N.C. App. 470, 554 S.E.2d 657 (2001). Section 153A-121, entitled "General ordinance-making power[,]" provides, *inter alia*, that as an exercise of a county's general police power, it "may by ordinance define, regulate, prohibit, or abate acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the county[.]" N.C. Gen. Stat. § 153A-121(a) (2001). Based on this statute, the defendant in *PNE* argued that it did not have to publish notice or advertise that it was considering adoption of a moratorium that would prohibit PNE from being issued a billboard permit that conflicted with the Jackson County zoning code. On appeal, the *PNE* Court concluded that the general police powers of Section 153A-121 did not require notice in that situation, particularly since the ordinance stated it was enacted pursuant to Section 153A-121(a). *PNE*, 146 N.C. App. at 478-79, 554 S.E.2d at 662-63.

Like *PNE*, defendants also contend that no notice was required because the moratorium prohibiting the issuance of plaintiff's building permit stated it was enacted pursuant to Section 153A-121. However, defendants' reliance on our holding in *PNE* is misplaced. *PNE* involved the adoption of a moratorium prohibiting the issuance of a *billboard* permit. Ordinances imposing moratoriums of that nature are not governed by Article 18 of Chapter 153A; therefore, the defendant in *PNE* properly acted under Section 153-121's general police power. In the case *sub judice*, defendants clearly adopted an ordinance that imposed a moratorium on the issuance of *build-*

*ing* permits, which are governed by Article 18 of Chapter 153A. Defendants cannot now avoid the notice requirements of Section 153A-323 simply because the moratorium stated it was "enacted pursuant to and by virtue of the general police powers granted Rutherford County pursuant to N.C.G.S. 153A-121."

Accordingly, we reverse the trial court's denial of plaintiff's summary judgment motion and its grant of summary judgment in favor of defendants. Reversal on this issue renders the need to address plaintiff's remaining assignment of error unnecessary.

Reversed.

Judges McGEE and CALABRIA concur.