NO. COA13-1429

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

CHARLES R. CARMICHAEL,
    Petitioner,

    v.                              Mecklenburg County
                                    No. 09 SP 10403
DAVID LIVELY,
    Respondent.


Appeal by respondent from order entered 25 July 2013 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 2014.

> *Thurman, Wilson, Boutwell & Galvin, P.A., by James P. Galvin and Alexander W. Warner, for respondent-appellant.*
>
> *Winfred R. Ervin, Jr. for petitioner-appellee.*


McCULLOUGH, Judge.

Respondent David Lively appeals from an award of summary judgment in favor of petitioner Charles R. Carmichael.  After careful and thoughtful review, we affirm the order of the trial court.

## I.   Background

The evidence in the record indicates that on 28 May 2004, Edna Frank Ward Lively's ("Edna Lively") Last Will and Testament was probated in Mecklenburg County Superior Court.  Edna

Lively's Last Will and Testament devised her home, located at 1446 Townes Road, Charlotte, North Carolina ("Townes Road Property") equally to her daughter Katherine Carmichael and her step-grandson, respondent David L. Lively, "if they survive me." On 4 March 2004, Edna Lively died. Both Katherine Carmichael and respondent survived Edna Lively.

On 11 June 2004, Katherine Carmichael signed a "Notice of Renunciation and Qualified Disclaimer" ("Renunciation") stating that she was "renouncing her interest in the [Townes Road Property]." On 4 November 2004, the Renunciation was filed in the Office of the Clerk of Mecklenburg County Superior Court.

On 24 November 2004, respondent filed an Executor Deed in the Mecklenburg County Register of Deeds. The Executor Deed provided that respondent was the sole beneficiary of the Townes Road Property "because Katherine G. Carmichael executed and filed a qualified disclaimer and renunciation[.]" It also provided that respondent, serving as executor of the estate of Edna Lively, "does grant, bargain, sell and release to" respondent, in his individual capacity, the Townes Road Property "TO HAVE AND TO HOLD all in singular, the aforesaid undivided interest[.]"

On 28 December 2004, Katherine Carmichael signed a "Notice of Revocation/Rescission of Notice of Renunciation and Qualified Disclaimer." ("Rescission") In the Rescission, Katherine Carmichael stated the following:

3. The undersigned . . . has been suffering from significant health problems for several years that have been the subject of medical evaluation and diagnosis. Due to those problems, the undersigned has for approximately the past two years been unable to handle her affairs without assistance. For approximately the past two years, the undersigned has attended to her financial affairs and other personal matters with substantial assistance from her husband, [petitioner] Charles Carmichael.

4. Due to the undersigned's medical problems she felt unable to assume the role of Executrix of [Edna Lively's estate], and for that reason renounced her right to serve as Executrix of the Estate on April 27, 2004 and did so with [petitioner]'s assistance.

5. In late May of 2004 [respondent], Executor of the [Edna Lively estate] told the undersigned that she needed to appear at an attorney's office to meet with him and the Estate attorney to sign some papers concerning this Estate. On or about June 8, 2004, [petitioner] drove the undersigned to the law office of Elizabeth Blake, an attorney then representing [respondent]. Ms. Blake at that time did not represent the undersigned, nor did the undersigned consult with or retain the services of counsel concerning the document(s)

-4-

presented to her in Ms. Blake's office.

6. On or about June 8, 2004 (in the law offices of Ms. Blake) the undersigned was presented an unsigned copy of the [Renunciation] . . . to sign, and she did so. The undersigned did meet in private with Ms. Blake for some period of time before she left Ms. Blake's law office, but cannot now recall what was discussed. In fact the undersigned does remember that she signed a document in Ms. Blake's office, but does not independently recall the terms or nature of that document and only now remembers the document signing and some of those surrounding circumstances after having been provided a copy of [the Renunciation] that was filed with the Clerk of Superior Court in November of 2004.

7. After now reading [the Renunciation], the undersigned now realizes (because she has now been advised as to the nature of the document) that the effect of that document, if valid and subsisting, is to divest the undersigned of any interest in [Edna Lively's estate]. The undersigned does not now, nor has she ever intended that to occur, contrary to the wishes of [Edna Lively].

. . . .

10. The undersigned hereby confirms her interest in the [Townes Road Property].

The Rescission was filed in the Register of Deeds on 29 December 2004.

Also on 29 December 2004, Katherine Carmichael filed a Quitclaim Deed with the Register of Deeds ("Quitclaim Deed"),

wherein she conveyed her interest in the Townes Road Property to herself and petitioner as tenants by the entireties.

Subsequently, on 15 June 2006, a copy of the Renunciation was filed in the Mecklenburg County Register of Deeds. Katherine Carmichael died on 11 March 2009.

On 23 November 2009, petitioner filed a "Petition (To Partition Real Property)" against respondent. The petition alleged that petitioner and respondent each owned a one-half undivided interest in the Townes Road Property. It also provided the following, in pertinent part:

> 8. The Towne[s] Road Property is a single residential subdivision lot upon which is situated a detached single family residence[.] . . . [T]he current single family residential usage of the Towne[s] Road Property is its highest and best allowable use.

> 9. An actual partition of the Towne[s] Road Property . . . would result in rendering the respective interest(s) of each of the parties in said property to be of substantially less monetary value than their respective monetary interests resulting from a Partition Sale of that property as sought by Petitioner herein; an actual partition of the Towne[s] Road Property cannot be made without injury to all of the parties interested (the Petitioner and the Respondent).

As such, petitioner argued that it was entitled to an order of sale of the Townes Road Property pursuant to Article II of Chapter 46 of the North Carolina General Statutes.

On 6 January 2010, respondent filed a "Response to Petition to Partition Real Property" denying that petitioner and respondent owned the Townes Road Property as tenants-in-common and asserting that respondent was the sole owner of the Townes Road Property. Respondent argued that he was the sole owner pursuant to the Renunciation and the Executor Deed. Respondent requested that the court dismiss with prejudice the petition to partition real property or, in the alternative, transfer the matter to Mecklenburg County Superior Court.

On 20 April 2011, respondent filed a "Memorandum and Motions to Dismiss, Motion In Limine, and/or Motion for Summary Judgment." Following a hearing held on 10 May 2011, the trial court entered an order on 29 August 2011 denying respondent's motion to dismiss. The trial court also transferred the special proceeding to Mecklenburg Superior Court for the determination of the following issue:

> As of the recording of Katherine Carmichael's [Quitclaim Deed] dated December 29 2004 (and recorded in MCPR book 18183, at page 559) did Katherine Carmichael and [petitioner] own a ½ undivided interest in the real property that was the subject of

that deed, or did the renunciation document effectively divest Katherine Carmichael of any interest in said real property?

On 22 July 2013, petitioner filed a motion for summary judgment. The trial court held a hearing at the 22 July 2013 term of Mecklenburg County Superior Court, for the determination of respondent's motion to dismiss and cross motions for summary judgment. On 25 July 2013 the trial court entered an order, making the following findings of fact:

1. Edna Frank Ward Lively died testate on March 4, 2004.

2. At the time of her death, Decedent owned [the Townes Road Property].

3. Decedent by will signed January 22, 1992 devised her residence to [Katherine Carmichael and respondent].

4. Katherine Carmichael signed a notice of renunciation of her interest in said real property by document signed June 11, 2004 which was recorded in the office of the Clerk of Court of Mecklenburg County on November 4, 2004.

5. Katherine Carmichael filed a rescission of said renunciation by document filed with the Clerk of Court on December 28, 2004 and recorded in the Register of Deeds on December 29, 2004.

6. Katherine Carmichael executed a quitclaim deed December 29, 2004 to [petitioner] in said real property, said deed being recorded December 29, 2004 in the office of the Register of Deeds.

7. The renunciation dated June 11, 2004 was recorded in the office of the Register of Deeds June 15, 2006.

8. N.C.G.S. 31B-2(c) in 2004 provided in part, "The renunciation shall be filed with the clerk of court of the county in which the proceedings have been commenced. . . ."

9. N.C.G.S. 31B-2(d) in 2004 provided in part, "If real property or an interest therein is renounced, a copy of the renunciation shall also be filed for recording in the office of the register of deeds of all counties wherein any part of the . . . interest renounced is situated. . . . The renunciation of an interest, or a part thereof, in real property shall not be effective to renounce such interest until a copy of the renunciation is filed for recording in the office of the register of deeds. . . ."

The trial court then concluded that

1. The renunciation dated June 11, 2004, and filed with the Clerk of Court November 4, 2004 did not take effect until filed with the Register of Deeds on June 15, 2006.

2. The rescission of renunciation executed by Katherine Carmichael on December 28, 2004 and filed with the Clerk of Court and Register of Deeds on December 29, 2004 rescinded and revoked the June 11, 2004 renunciation as to the real property owned by the decedent.

Based on the foregoing, the trial court effectively granted petitioner's motion for summary judgment and held that as of the

recording of Katherine Carmichael's 29 December 2004 quitclaim deed, Katherine Carmichael and petitioner owned a one-half undivided interest in the Townes Road Property.

From the 25 July 2013 order, respondent appeals.

## II. <u>Standard of Review</u>

The standard of review for an order granting summary judgment is *de novo*. *Bumpers v. Cmty. Bank of N. Va.*, 367 N.C. 81, 87, 747 S.E.2d 220, 225-26 (2013). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013). "In ruling on a motion for summary judgment the evidence is viewed in the light most favorable to the non-moving party." *Vulcan Materials Co. v. Iredell Cnty.*, 103 N.C. App. 779, 781, 407 S.E.2d 283, 285 (1991) (citation omitted).

## III. <u>Discussion</u>

On appeal, respondent argues that the trial court erred by effectively granting petitioner's motion for summary judgment. Respondent argues that the trial court erred by: (A) failing to enter any findings of fact regarding Katherine Carmichael's

capacity at the time she was signing the documents at issue; (B) concluding that the Renunciation did not take effect until it was filed with the Register of Deeds; (C) concluding that the Rescission rescinded and revoked the Renunciation; and (D) concluding that as of the recording of the Quitclaim Deed, petitioner and Katherine Carmichael owned a one-half undivided interest in the Townes Road Property.

## A.    Katherine Carmichael's Capacity

First, respondent argues that the trial court erred by failing to enter a finding of fact regarding Katherine Carmichael's capacity in 2004 to execute various relevant documents.

"We note that ordinarily, findings of fact and conclusions of law are not required in the determination of a motion for summary judgment, and if these are made, they are disregarded on appeal." *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 261, 400 S.E.2d 435, 440 (1991). "However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment." *Vulcan Materials Co.*, 103 N.C. App. at 781, 407 S.E.2d at 285 (citation omitted).

In the case *sub judice*, the trial court entered nine findings of fact and two conclusions of law. Although the trial court did not enter any findings of fact regarding Katherine Carmichael's capacity to execute documents in 2004, we do not believe that the trial court was required to do so because this issue was not properly before the court. The only issue before the trial court at the summary judgment hearing was whether as of the recording of the Quitclaim Deed on 29 December 2004, Katherine Carmichael and petitioner owned a one-half undivided interest in the Townes Road Property or whether the Renunciation effectively divested Katherine Carmichael of any interest in the Townes Road Property.

At the beginning of the summary judgment hearing, respondent's counsel conceded that "[t]he only issue is whether or not the Petitioner owns an interest in the real estate, Judge. They have raised [the capacity] issue in the past; that has been addressed, but it's not before – [the capacity issue is] not properly before the Court." *See Byrd v. Hancock*, 86 N.C. App. 564, 568, 358 S.E.2d 557, 559 (1987) (where the defendant's "forecast of proof [at the summary judgment hearing] did not call into question" the defendant's argument on appeal, the "plaintiff was not obliged to make any showing whatever with

respect to these matters" and the argument was irrelevant to the issues raised at the hearing).  Furthermore, respondent's motion for summary judgment, as well as respondent's response to the petition for partition, fails to raise the issue of Katherine Carmichael's lack of capacity.  *See* N.C. R. App. P. 10(a)(1) (2014) (stating that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context").  Based on the foregoing reasons, we reject respondent's argument that the trial court erred by failing to make a finding about Katherine Carmichael's capacity.

B.    The Renunciation

In his next argument, respondent asserts that the trial court erred by making the following conclusion:

1. The renunciation dated June 11, 2004, and filed with the Clerk of Court November 4, 2004 did not take effect until filed with the Register of Deeds on June 15, 2006.

As previously stated, we re-emphasize that the trial court was not required to enter *any* conclusions of law in its summary judgment order and generally, they are disregarded on appeal. *See Sunamerica Financial Corp.*, 328 N.C. at 261, 400 S.E.2d at

440. However, we find that the challenged conclusion of law sheds light on our review of the trial court's reasoning to render summary judgment for petitioner.

Specifically, respondent argues that the statutory method of renunciation outlined in Chapter 31B of the North Carolina General Statutes is not an exclusive method of accomplishing a renunciation. Respondent also contends that in light of the "very specific timing requirements for a renunciation filing under § 31B-2(a)[1] and § 31B-2(b)[2], . . . it would appear that the General Assembly did not intend for there to be a similar requirement" applicable to N.C. Gen. Stat. § 31B-2(d) (2004).

---

[1]N.C. Gen. Stat. § 31B-2(a) (2004) provided that "[t]o be a qualified disclaimer for federal and State inheritance, estate, and gift tax purposes, an instrument renouncing a present interest shall be filed *within the time period* required under the applicable federal statute for a renunciation to be given effect as a disclaimer for federal estate and gift tax purposes. If there is no such federal statute the instrument shall be filed not later than *nine months* after the date the transfer of the renounced interest to the renouncer was complete for the purpose of such taxes." N.C.G.S. § 31B-2(a) (2004) (emphasis added).

[2]N.C. Gen. Stat. § 31B-2(b) (2004) provided that "[a]n instrument renouncing a future interest shall be filed not later than *six months* after the event by which the taker of the property or interest is finally ascertained and his interest indefeasibly vested and he is entitled to possession even though such renunciation may not be recognized as a disclaimer for federal estate tax purposes." N.C.G.S. § 31B-2(b) (2004) (emphasis added).

"[W]hen construing statutes, this Court first determines whether the statutory language is clear and unambiguous. If the statute is clear and unambiguous, we will apply the plain meaning of the words, with no need to resort to judicial construction." *In re Estate of Mangum*, 212 N.C. App. 211, 213, 713 S.E.2d 18, 20 (2011) (citation omitted). "However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment." *Wiggs v. Edgecombe Cnty.*, 361 N.C. 318, 322, 643 S.E.2d 904, 907 (2007) (citation omitted).

Chapter 31B of the North Carolina General Statutes is entitled "Renunciation of Property and Renunciation of Fiduciary Powers Act." Section 31B-2 (2004), in effect at the time the Renunciation was executed, was entitled, "Time and place of filing renunciation." The 25 July 2013 order directed our attention to N.C. Gen. Stat. § 31B-2, subsections (c) and (d), in its findings of fact. Subsection (c) of section 31B-2 stated that "[t]he renunciation shall be filed with the clerk of court of the county in which proceedings have been commenced for the administration of the estate of the deceased owner[.]" N.C.G.S. § 31B-2(c) (2004). Subsection (d) of section 31B-2 provided, as follows:

> (d) If real property or an interest therein is renounced, a copy of the renunciation shall also be filed for recording in the office of the register of deeds of all counties wherein any part of the interest renounced is situated. . . . The renunciation of an interest, or a part thereof, in real property *shall not be effective to renounce such interest until a copy of the renunciation is filed for recording in the office of the register of* deeds in the county wherein such interest or part thereof is situated.

N.C. Gen. Stat. § 31B-2(d) (2004) (emphasis added).

An examination of N.C. Gen. Stat. § 31B-2(d) reveals that the language used by the General Assembly is clear and unambiguous. The mandatory language of subsection 31B-2(d) demonstrates that the legislature intended that a renunciation of an interest in real property *shall not be effective* until a copy of the renunciation is filed in the office of the register of deeds in the county where such interest in situated. "As used in statutes, the word 'shall' is generally imperative or mandatory." *State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979) (citation omitted).

Giving effect to the plain meaning of the words used, we are compelled to agree with the trial court that although the Renunciation was dated 11 June 2004 and filed with the Clerk of Clerk on 4 November 2004, it was not effective to renounce

Katherine Carmichael's interest in the Townes Road Property until a copy of the Renunciation was filed in the Register of Deeds. Because a copy of the Renunciation was not filed with the Mecklenburg County Register of Deeds until 15 June 2006, an undisputed fact, the language used in subsection 31B-2(d) mandates that the Renunciation would not have taken effect until 15 June 2006. Accordingly, we hold that the trial court did not err by making this conclusion and find respondent's arguments unpersuasive.

## C. The Rescission

Next, respondent argues that the trial court erred by concluding the following:

> 2. The rescission of renunciation executed by Katherine Carmichael on December 28, 2004 and filed with the Clerk of Court and Register of Deeds on December 29, 2004 rescinded and revoked the June 11, 2004 renunciation as to the real property owned by the decedent.

Respondent first argues that the Rescission was ineffective because the Renunciation was irrevocable based on the following language contained within the Renunciation: "WHEREFORE, the undersigned does hereby completely, irrevocably and without qualification renounce and disclaim his rights in the [Townes Road Property[.]" Respondent then asserts that the Executor

Deed effectively transferred the Townes Road Property to respondent, making him the sole owner, prior to the filing of the Quitclaim Deed.

It is important to note that the merit of both of respondent's arguments rests on the assumption that the Renunciation was in effect prior to the 24 November 2004 Executor Deed and the 29 December 2004 Rescission. Because we have previously held that the Renunciation would not have been effective in renouncing Katherine Carmichael's interest in the Townes Road Property until it was filed in the Register of Deeds on 15 June 2006, respondent's arguments necessarily fail.

### D.    Quitclaim Deed

In his last argument, respondent contends that the trial court erred by concluding that as of the date of the Quitclaim Deed, Katherine Carmichael and petitioner owned a one-half undivided interest in the Townes Road Property.

The record establishes that the Quitclaim Deed, filed in the Mecklenburg County Register of Deeds on 29 December 2004, conveyed Katherine Carmichael's one-half undivided interest devised to her by Edna Lively's Last Will and Testament in the Townes Road Property, to Katherine Carmichael and petitioner as tenants by the entireties. Because a copy of the Renunciation

was not filed with the Register of Deeds until 15 June 2006, subsequent to the filing of the Quitclaim Deed, it had no effect on the interests of petitioner and Katherine Carmichael in the Townes Road Property. Therefore, we reject respondent's argument that the trial court erred by reaching this conclusion and entering summary judgment in favor of petitioner.

## IV. Conclusion

For the reasons discussed above, we affirm the 25 July 2013 order of the trial court, granting summary judgment in favor of petitioner.

Affirmed.

Judges ELMORE and DAVIS concur.