QUENTIN GREGORY, JR. v. PERDUE, INCORPORATED

No. 796SC998

(Filed 15 July 1980)

Contracts § 3— no meeting of minds as to essential terms

Plaintiff's evidence on motion for summary judgment was insufficient to show a binding contract with defendant where plaintiff's materials alleged at most an agreement by him to grow an unspecified quantity of chickens for defendant in the future under certain quality conditions in return for which defendant agreed to guarantee plaintiff a stated minimum profit and to aid him in remodeling his chicken houses, since it is clear that plaintiff and defendant never reached a mutual understanding as to how many chickens plaintiff would grow, time of delivery, or compensation.

APPEAL by plaintiff from *Small, Judge.* Judgment entered 6 August 1979 in Superior Court, HALIFAX County. Heard in the Court of Appeals 17 April 1980.

This action was brought to recover damages for breach of contract. In his verified complaint, plaintiff alleged that in December 1976, he began dismantling and remodeling six of his chicken houses at the instruction of defendant and in reliance on defendant's promise that plaintiff would receive a contract to grow chickens for defendant in the houses. In reliance on defendant's promises, plaintiff made physical changes in the houses and applied for a $50,000 loan to remodel them. In June 1977, defendant promised plaintiff a contract for the six houses in return for which plaintiff promised that all six houses would be operational by 1 January 1978. As a condition precedent to the contract, defendant insisted that plaintiff hire a man capable of supervising the six houses, which plaintiff did at considerable expense. Defendant guaranteed plaintiff $10,000 per house per year net income on the contract. Defendant instructed plaintiff to borrow $85,000 in additional funds, and defendant agreed to escrow profits to repay this loan. In Octo-

ber 1977, defendant cancelled all contractual relationships with plaintiff, causing plaintiff to sustain damages in the sum of $125,000.

Defendant filed an unverified answer in which it denied the essential allegations of the complaint and asserted as a further defense that the only agreement between defendant and plaintiff was for plaintiff to grow chickens for defendant in one house on a flock to flock basis. Defendant alleged that plaintiff's poor management and growing practices caused it to withdraw from this arrangement.

The cause came on for hearing before Judge Small on defendant's motion for summary judgment. In support of its motion, defendant offered the affidavit of its employee, Gerald Jackson, and the deposition of plaintiff. Following the hearing, the trial judge entered summary judgment for defendant, from which plaintiff appeals.

*Allsbrook, Benton, Knott, Cranford & Whitaker, by William O. White, Jr., for plaintiff appellant.*

*Pritchett, Cooke & Burch, by Stephen R. Burch and Jonas M. Yates, for defendant appellee.*

WELLS, Judge.

On motion for summary judgment, the question before the court is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). The burden upon the moving party is to establish that there is no genuine issue as to any material fact remaining to be determined. *Savings & Loan Assoc. v. Trust Co.,* 282 N.C. 44, 191 S.E. 2d 683 (1972). This burden may be carried by a movant by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce enough evidence to support an essential element of his claim. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C.

467, 251 S.E. 2d 419 (1979); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). The purpose of summary judgment is to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed. *Moore v. Fieldcrest Mills, Inc., supra; Caldwell v. Deese,* 288 N.C. 375, 218 S.E. 2d 379 (1975).

We now determine the propriety of summary judgment for defendant in this case by applying these principles to the record before us. The forecast of plaintiff's evidence must be gleaned from his verified complaint and his deposition, as he submitted no other papers in opposition to defendant's motion. Considered in the light most favorable to him, plaintiff, in both his verified complaint and deposition, at most alleges an agreement by him to grow an unspecified quantity of chickens for defendant in the future under certain quality conditions in return for which defendant agreed to guarantee plaintiff a stated minimum profit and to aid him in remodeling his chicken houses. Consequently, the acceptance of a proposition to make a contract, the terms of which are to be subsequently fixed, does not constitute a binding obligation. *Construction Co. v. Housing Authority,* 1 N.C. App. 181, 160 S.E. 2d 542 (1968). An offer to enter into a contract in the future must, to be binding, specify all of the essential and material terms and leave nothing to be agreed upon as a result of future negotiations. *Smith v. House of Kenton Corp.,* 23 N.C. App. 439, 209 S.E. 2d 397 (1974), *cert. denied,* 286 N.C. 337, 211 S.E. 2d 213 (1974). To constitute a valid contract, the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement. *Boyce v. McMahan,* 285 N.C. 730, 208 S.E. 2d 692 (1974).

From plaintiff's deposition, it is manifestly clear that plaintiff and defendant never reached a mutual understanding as to how many chickens plaintiff would grow, the time or times they would be delivered by defendant to plaintiff for growing or delivered by plaintiff to defendant after growing, or the compensation to be paid by defendant to plaintiff. There simply was

---

no meeting of the minds. Under these circumstances, summary judgment was properly entered and the judgment of the trial court must be

Affirmed.

Chief Judge Morris and Judge Parker concur.