SIBYLE DAVIS SMITH AND MOLLIE FAYE DAVIS GARNER v. L. L. SMITH, EXECUTOR OF THE ESTATE OF PEARY DAVIS, ALMA SUTTON DAVIS AND MARSHALL BRITT

No. 824SC1235

(Filed 15 November 1983)

**Landlord and Tenant § 2; Rules of Civil Procedure § 56.7— failure to state amount of rent—lease void—summary judgment proper—consideration on appeal limited to materials before trial court**

In an action to recover rents due under a lease agreement where the trial court granted summary judgment for defendants, the appellate court could not consider a statute which had not been brought to the trial court's attention since the appellate court's consideration is limited to the materials before the trial court. Further, the trial court properly granted summary judgment for defendants since the lease under which plaintiffs' action was brought failed to state the amount of rent, and the amount of rent is an essential term of a lease under the law of contracts. A lease which leaves the amount of rent open for future agreement is void for indefiniteness.

APPEAL by plaintiff from *Brown, Judge.* Judgments entered 28 July 1982 and 29 July 1982 in Superior Court, DUPLIN County. Heard in the Court of Appeals 20 October 1983.

Plaintiffs appeal from the granting of summary judgment in favor of all defendants in this action to recover rents due under a lease agreement.

*Kornegay & Rice, P.A., by George R. Kornegay, Jr. and Janice Head for plaintiff appellants.*

*Baddour, Lancaster, Parker & Hine, P.A., by John C. Hine, for defendant appellee Smith.*

*William F. Simpson, Jr., for defendant appellee Alma Sutton Davis.*

*No brief filed for defendant Britt.*

BECTON, Judge.

I

*Factual and Procedural History*

On 1 December 1074, Peary Davis executed a deed conveying a 249 acre tract of land in Duplin County to plaintiffs, his

daughters. On the same date, plaintiffs and Davis executed a lease in which plaintiffs agreed to lease the property to Davis for the term of fifteen years. The lease also provided: "The annual rental during said period shall be determined by agreement between the parties at the expiration of each twelve (12) month period." Both documents were recorded on 9 December 1974. Peary Davis died on 22 January 1982.

Plaintiffs filed this action against the Executor of Peary Davis' Estate, Peary Davis' widow, Alma Sutton Davis, and a sublessee of Peary Davis, Marshall Britt. They alleged in their complaint that the lease had been duly executed, that they had not received any rents for the years 1979-1982, that no rental had been agreed upon for those four years, and that the reasonable rental for those four years was $12,000.00 per year. They sought to recover rents from the defendants, jointly and severally, in the amount of $48,000.00.

Defendant Marshall Britt filed an answer denying the material allegations of the complaint, and asserting the affirmative defenses of payment and estoppel. He alleged that he had rented the land for several years from Peary Davis, who had claimed that he owned the land and could rent it at will. He paid Davis an annual rental by check each January for the coming crop year. These checks, for the years 1978-1981, were duly endorsed by Davis. The 1982 check was endorsed by Alma Davis.

Defendant Alma Sutton Davis filed an answer in which she alleged that the deed, lease agreement, and an agreement in which she was granted a life estate in the residence were all part of an estate plan to reduce estate and inheritance taxes. She further alleged that it was contemplated by the parties to these agreements that no rents would be demanded by, or paid to, the plaintiffs and that Peary Davis would treat the properties as if he owned them in fee. Plaintiffs, therefore, were not entitled to any rents, and if they were, their claim was against the Estate of Peary Davis.

Defendant Executor filed an answer in which he admitted the execution of the deed and lease agreement. He alleged that there was an informal understanding that the profits from the land would be used to maintain and support Peary Davis during his lifetime. At no time did plaintiffs demand or receive any rent

under the alleged lease, and consequently, they waived any claim for rent under the lease and are estopped from asserting such claim against the Estate of Peary Davis. Their failure to assert the claim constituted laches, and the statute of limitations barred their claim for 1979 rents.

All parties moved for summary judgment and filed affidavits in support of their motions.

Defendant Alma Sutton Davis stated in her affidavit that she was not a party to the lease agreement, that she had not received any monies as rent for the 1982 crop year from Marshall Britt, and that if any monies were received from Marshall Britt, they were received by Peary Davis.

The affidavits of plaintiffs indicated that they had not agreed with Peary Davis to lease the farm to him rent-free, but that, on the other hand, they had failed to discuss the rental charge with him. Defendant Executor, the husband of one of the plaintiffs, swore in an affidavit that, to his knowledge, Peary Davis never agreed to a rental for any year with the plaintiffs, and that plaintiffs had never made a demand for the rental. The lawyer who prepared the deed and lease agreement swore in an affidavit that the documents were prepared as part of an estate plan in which the land was removed from Davis' estate to reduce estate and inheritance taxes, yet Davis would be allowed to enjoy the land as if he continued to own it. It was intended by the plaintiffs and Davis that no rents would be due from Davis to the plaintiffs, and that the income from the property would be used by Peary Davis as he saw fit.

Based upon these materials, the trial court allowed defendants' motions for summary judgment and denied plaintiffs' motion for summary judgment. We must determine the propriety of the trial court's action.

II

*Analysis*

On appeal, plaintiffs have abandoned their claims for rents prior to the 1982 crop year and now claim that they are entitled, under N.C. Gen. Stat. § 42-7 (1976), to the proportion of the rents accruing after Peary Davis' death on 22 January 1982 until 31

December 1982.[1] However, there is nothing in the record to indicate that this statute was brought to the trial court's attention. When a motion for summary judgment is granted, "the critical questions for determination upon appeal are whether *on the basis of the materials presented to the trial court,* there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Oliver v. Roberts,* 49 N.C. App. 311, 314, 271 S.E. 2d 399, 401 (1980) (emphasis added). Our consideration is thus limited to the materials before the trial court.

The materials before the trial court support its grant of summary judgment for all defendants. We reject plaintiff's argument that the affidavits present a genuine issue of material fact as to whether plaintiffs agreed with Davis on an annual rental for the leased property. A genuine issue of material fact has been defined as one in which "the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. . . . [A] genuine issue is one which can be maintained by substantial evidence." *Zimmerman v. Hogg & Allen, P.A.,* 286 N.C. 24, 29, 209 S.E. 2d 795, 798 (1974) (quoting *McNair v. Boyette,* 282 N.C. 230, 192 S.E. 2d 457 (1972)). Whether the plaintiffs and Davis agreed that Davis would not be charged rent makes no difference in the result of the action. Either way, plaintiffs could not prevail under the lease.

The amount of rent is an essential term of a lease under the law of contracts. *Carolina Helicopter Corp. v. Cutter Realty Co.,*

---

1. N.C. Gen. Stat. § 42-7 provides:

   When any lease for years of any land let for farming on which a rent is reserved determines during a current year of the tenancy, by the happening of any uncertain event determining the estate of the lessor, or by a sale of said land under any mortgage or deed of trust, the tenant in lieu of emblements shall continue his occupation to the end of such current year, and shall then give up such possession to the succeeding owner of the land, and shall pay to such succeeding owner a part of the rent accrued since the last payment became due, proportionate to the part of the period of payment elapsing after the termination of the estate of the lessor to the giving up such possession; and the tenant in such case shall be entitled to a reasonable compensation for the tillage and seed of any crop not gathered at the expiration of such current year from the person succeeding to the possession.

Mid-West Mut. Ins. Co. v. Govt. Employees Ins. Co.

263 N.C. 139, 139 S.E. 2d 362 (1964); J. Webster, *Webster's Real Estate Law in North Carolina* § 236 (P. Hetrick rev. ed. 1981). As a general rule, when an essential term of a contract is left open for future agreement, the alleged contract is void for indefiniteness. *Boyce v. McMahan,* 285 N.C. 730, 208 S.E. 2d 692 (1974). A lease, therefor, which leaves the amount of rent open for future agreement is void for indefiniteness. *See* Annot., 85 A.L.R. 3d 414, 432 (1978). As a consequence, plaintiffs are barred from recovering rent under the lease. Moreover, even if the lease were not void on its face, plaintiffs' admission in their complaint that they never reached agreement on the rental charge with Davis would bar them from enforcing the lease. Defendants were, therefore, entitled to judgment as a matter of law on the lease.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.