LEON H. GRAY AND WIFE, MARILYN W. GRAY, PLAINTIFFS v. EUGENE B. HAGER AND WIFE, LOU B. HAGER, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. UNITED FARM AGENCY, INC., THIRD PARTY DEFENDANT

No. 8322DC462

(Filed 3 July 1984)

**Contracts § 3— "agreement" for sale and purchase of house—indefiniteness of agreement**

A proposed contract for the sale of a home was incomplete and unenforceable because it lacked essential terms which were beyond the court's capacity to supply by implication and as to which the parties had not agreed upon a mode of settlement. Although the document specified a sale price, it stated that the terms of payment would be agreed upon subsequently; therefore, the minds of the parties had not met on a "portion of the proposed terms."

APPEAL by original defendants from *Fuller, Judge.* Judgment entered 1 February 1983 in District Court, IREDELL County. Heard in the Court of Appeals 12 March 1984.

Original defendants (hereafter defendants) appeal from allowance of plaintiffs' motion for summary judgment, and denial of their motion for same, in an action for breach of an "agreement" for the sale and purchase of plaintiffs' house.

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for plaintiff appellees.*

*Raymer, Lewis, Eisele, Patterson & Ashburn, by Douglas G. Eisele, for defendant appellants.*

WHICHARD, Judge.

I.

The issue is whether a document that specifies a sales price, but states that an interest-bearing note and deed of trust will be executed, and that the terms of payment will be agreed on subsequently, meets the legal requisites of a valid contract. We hold that it does not, and that the court thus erred in granting summary judgment to plaintiffs and denying it to defendants.

II.

Plaintiffs and defendants signed a document captioned "deposit receipt and agreement of sale," which provided that defend-

ants would purchase plaintiffs' house for $48,500. Defendants were to make a down payment of $300, to pay $9,400 on or before 1 May 1981, and to pay the balance as follows (quoting from the document):

> Terms of payment and rate of interest: 12% interest length of time to be negoiated [sic] by seller and buyer.
>
> And the buyer agrees to pay the balance as follows:
>
> 1. Note and deed of trust for $38,800.00.
>
> 2. Interest rate to be 12%.
>
> 3. Length of time to be agreed on by buyer and seller due to buyers house being on the market for sale and the amount of money to be paid on this purchase and the length of time to sell buyer's present home.

The document also provided that "if either seller or buyer fails to perform his part of this agreement, he shall forthwith pay to the other party hereto a sum equal to 10 per cent of the agreed price of sale as consideration for the execution of this agreement by such other party."

Defendants neither deposited the $9,400 by 1 May 1981 nor proceeded with the purchase. Plaintiffs commenced this action seeking specific performance or, alternatively, damages for breach as provided in the document. Defendants, in their "motions to dimiss, answer and counterclaim," moved to dismiss the complaint under G.S. 1A-1, Rule 12(b)(6). They contended, *inter alia*, that the document was not a valid contract because it did not contain the terms and time of payment of the balance of the purchase price. Judge Lester Martin denied the motion.

Plaintiffs subsequently sold the house for $48,500. They then filed a Notice of Election, abandoning their claim for specific performance and electing to proceed solely on the claim for damages.

Defendants moved for summary judgment. Plaintiffs also moved for summary judgment, seeking to recover $4,550 (ten percent of the sales price as provided in the document, less the $300 previously paid). The court denied defendants' motion and granted plaintiffs'.

Defendants appeal.

### III.

When considering a motion for summary judgment,

> the question before the court is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. . . . The burden upon the moving party is to establish that there is no genuine issue as to any material fact remaining to be determined. . . . This burden may be carried by a movant by proving that an essential element of the opposing party's claim is nonexistent . . . . The purpose of summary judgment is to eliminate formal trials where only questions of law are involved by . . . allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed.

*Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656-57, 267 S.E. 2d 584, 586 (1980). Defendants contend that the "fatal weakness" in plaintiffs' claim is that while the document specifies the sales price, it states that the terms of payment will be agreed on subsequently. They argue that such a document fails to meet the legal requisites of a valid contract.

It is a basic principle of contract law that:

> One of the essential elements of every contract is mutually [sic] of agreement. There must be neither doubt nor difference between the parties. They must assent to the same thing in the same sense, and their minds must meet as to all the terms. If *any portion* of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement.

*Croom v. Lumber Co.*, 182 N.C. 217, 220, 108 S.E. 735, 737 (1921) (emphasis supplied); *see also Boyce v. McMahan*, 285 N.C. 730, 734, 208 S.E. 2d 692, 695 (1974); *Gregory v. Perdue, Inc., supra*, 47 N.C. App. at 657, 267 S.E. 2d at 586. " 'The courts generally hold [that] a contract, or offer to contract, leaving material portions open for future agreement [,] is nugatory and void for indefiniteness.' . . . This does not mean, however, that the courts will not supply an essential term by implication under appropriate cir-

cumstances." *Kidd v. Early*, 289 N.C. 343, 357-58, 222 S.E. 2d 392, 402-03 (1976) (quoting *Boyce v. McMahan, supra*).

In *Kidd* our Supreme Court held that "when an option to purchase real estate neither specifies the method of payment nor provides that terms are to be fixed by a later agreement, the law implies that the purchase price will be paid in cash." *Kidd, supra*, 289 N.C. at 359, 222 S.E. 2d at 404. The document here clearly provided that certain terms were to be fixed by later agreement; there thus can be no implication that the purchase price was to be paid in cash. The document also provided for execution of an interest-bearing note and deed of trust. This evidences a clear intent to enter a credit rather than a cash transaction.

Credit transactions do not lend themselves to the supplying of essential terms by the courts by implication. They can be shaped in an extensive variety of forms. When their terms remain unsettled, the courts have no basis for assuming that the parties intended to choose one of those forms over a multiplicity of potential others. Absent details of the credit arrangement, a court has no means by which to determine precisely what action prospective creditors seek to have prospective debtors take. There thus is no basis on which to order specific performance. There equally is no basis for finding a breach, because the prospective debtors have not failed to do what the document required of them.

"In several cases involving attempts to recover damages for the breach of a contract for the sale of realty, relief has been denied on the ground that no actual contract ever came into being because terms of payment were left to future negotiation." Annot., 68 A.L.R. 2d 1221, 1228 (1959). We believe that result must obtain here. The plaintiffs' affidavit in support of their motion for summary judgment states that "the agreement was sufficient for the parties to complete the transaction if the defendants would have made an effort in good faith to complete the agreement." The moving parties' own forecast of evidence thus acknowledged the incompleteness of the "agreement." The minds of the parties had not met on a "portion of the proposed terms," *Croom, supra*; rather, the parties simply had agreed to agree upon terms in the future. *See Burgess v. Rodom*, 121 Cal. App. 2d 71, 262 P. 2d 335 (1953). The document established "no mode . . . by which [the unsettled terms could] be settled." *Croom, supra*. There thus was no agreement. *Kidd, supra; Croom, supra*.

IV.

We hold that the proposed contract was incomplete and unenforceable because it lacked essential terms which were beyond the court's capacity to supply by implication, and as to which the parties had not agreed upon a mode of settlement. The court thus erred in entering summary judgment for plaintiffs and denying it to defendants.

The judgment is therefore reversed, and the cause is remanded for entry of a judgment denying plaintiffs' motion for summary judgment and allowing defendants'.

Reversed and remanded.

Chief Judge VAUGHN and Judge PHILLIPS concur.