ED FORD D/B/A EDCO AMUSEMENT CO., PLAINTIFF/APPELLANT v. STATE OF NORTH CAROLINA, DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, DIVISION OF ALCOHOL LAW ENFORCEMENT, DEFENDANT/APPELLEE

No. 9330SC989

(Filed 19 July 1994)

**Intoxicating Liquor § 31 (NCI4th)— video machines on ABC licensed premises—violation of gambling laws—ALE memorandum not a rule—APA rulemaking procedures inapplicable**

A memorandum distributed by the Division of Alcohol Law Enforcement to its supervisors that "video poker" and similar video machines were in violation of state gambling laws, specifically N.C.G.S. § 14-306, and that possession or operation of those video machines on ABC licensed premises was unlawful, did not constitute a "rule" which required compliance with the Administrative Procedure Act's rule promulgation requirements, but instead constituted nothing more than a setting forth of guidelines to be followed when investigating and prosecuting violations of state law, and a nonbinding interpretive statement that possession or operation of certain video machines on ABC licensed premises transgressed that law.

**Am Jur 2d, Intoxicating Liquors §§ 34 et seq.**

Appeal by plaintiff from order entered 25 June 1993 by Judge Forrest A. Ferrell in Haywood County Superior Court. Heard in the Court of Appeals 9 May 1994.

*Russell L. McLean, III for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for defendant-appellees.*

**FORD v. STATE OF NORTH CAROLINA**

[115 N.C. App. 556 (1994)]

JOHN, Judge.

Plaintiff, a video game distributor, instituted this action seeking injunctive and compensatory relief based upon defendant's declaration that certain types of video machines violated North Carolina's criminal gambling laws. Plaintiff contends the trial court erred by granting defendant's motion for summary judgment—thereby dismissing plaintiff's action. We are not persuaded by plaintiff's argument and thus affirm the decision of the trial court.

On 1 November 1991, the Alcoholic Beverage Control Commission ("ABC Commission") issued a memorandum indicating that in the ABC Commission's opinion certain video machines were in violation of state gambling laws, specifically N.C.G.S. § 14-306. On 4 November 1991, defendant Division of Alcohol Law Enforcement ("ALE" - a division of the Department of Crime Control and Public Safety) distributed a similar memorandum to its supervisors. ALE specified those video machines considered violative of G.S. § 14-306 and advised all ALE supervisors that, on or after 1 December 1991, criminal and administrative charges would be brought if such machines were possessed or operated on licensed ABC premises. ALE agents were directed to notify affected businesses of the policy and to allow an opportunity for compliance therewith.

Plaintiff, the owner of approximately 30 "Lucky Eight" video machines, had distributed them to various businesses throughout Buncombe, Haywood and Transylvania Counties. After learning of the ABC Commission and ALE position, plaintiff filed the present lawsuit alleging defendant ALE "attempted to promulgate certain rules and regulations in violation of the North Carolina Administrative Procedures Act."

Defendant answered by denying all material allegations and moving to dismiss the complaint. It also counterclaimed, seeking a declaration that plaintiff's video machines were illegal slot machines. On 30 March 1993, defendant moved for (1) summary judgment on plaintiff's claim and (2) partial summary judgment on its counterclaim. On 25 June 1993, the trial court entered summary judgment dismissing plaintiff's claim, but denied defendant's motion as regards its counterclaim.

The sole assignment of error presented is directed at the trial court's allowance of defendant's motion for summary judgment. Plaintiff argues the memoranda issued by ALE and the ABC Commis-

sion constituted a "rule" within the meaning of the North Carolina Administrative Procedures Act. N.C.G.S. § 150B-1 to -64 (1991) ("APA"). *See* G.S. § 150B-2(8a). He further claims this attempted "rule" was invalid because neither agency complied with APA's rule promulgation requirements. *See* G.S. § 150B-18 to -21.7. We find plaintiff's assertions unfounded.

Initially we note the ABC Commission is not a party to this action and thus the propriety of its 1 November 1991 memorandum is not before us. Consequently, we need consider only whether the 4 November 1991 memorandum issued by ALE to its supervisors constituted a "rule" under the APA. The APA defines this term as follows:

> "Rule" means any agency regulation, standard, or statement of general applicability that implements or interprets an enactment of the General Assembly or Congress or a regulation adopted by a federal agency or that describes the procedure or practice requirements of an agency. The term includes the establishment of a fee and the amendment or repeal of a prior rule. The term *does not include the following*:
>
> * * * *
>
> c.    Nonbinding interpretative statements within the delegated authority of an agency that merely define, interpret, or explain the meaning of a statute or rule.
>
> * * * *
>
> g.    Statements that set forth criteria or guidelines to be used by the staff of an agency in performing audits, investigations, or inspections; in settling financial disputes or negotiating financial arrangements; or in the defense, prosecution, or settlement of cases.

G.S. § 150B-2(8a) (emphasis added).

The proper interpretation of APA statutory provisions, as with any statute, presents a question of law. *See Brooks, Com'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 464, 372 S.E.2d 342, 345 (1988). Where a particular claim can be decided by examination of an issue of law, summary judgment is proper. *See Gray v. Hagar*, 69 N.C. App. 331, 333, 317 S.E.2d 59, 60-61 (1984).

In the case *sub judice*, the alleged "rule" consisted of a memorandum written by Donald M. Murray, Director of ALE, and addressed

to ALE supervisors. Murray set forth ALE's interpretation that "video poker" and similar video machines were in violation of G.S. § 14-306. Further, Murray directed ALE supervisors to instruct agents to visit ABC licensed businesses known to possess such machines and to inform proprietors of the agency's position. On these facts, the APA simply has no application.

ALE is a law enforcement agency. *See* N.C.G.S. § 18B-500 (1989). Although ALE agents may investigate any criminal offense, their primary duty is enforcement of state ABC laws and the Controlled Substances Act. *Id.* In performing this duty, agents possess specific statutory authority to inspect ABC licensed premises and to gather evidence concerning violation of ABC laws, *see* G.S. § 18B-502, including prohibition of gambling devices on ABC licensed premises. N.C. Admin. Code tit. 4, 2s .0207 (August 1992).

The memorandum at issue *sub judice* constituted nothing more than a "setting forth" of "guidelines" to be followed when investigating and prosecuting violations of state law, and a "nonbinding interpretative statement" that possession or operation of certain video machines on ABC licensed premises transgressed that law. As such, the memorandum fell squarely within the meaning of G.S. §§ 150B-2(8a)(c) and (8a)(g), and therefore did not constitute a "rule."

While the ALE memorandum establishes a "notification" and "compliance" procedure, the record contains no suggestion of a requirement that ALE notify ABC permittees prior to charging a violation of state gambling laws. Under the circumstances of the case *sub judice*, such advance warning to licensees is to be commended as it furthers amicable relations between business and government. However, the mere fact of "advance warning" does not constitute a "rule" under the APA. ALE is a law enforcement agency, and its internal guidelines (whether distributed to the public or not) for enforcement of the criminal law do not come within the purview of the APA.

Accordingly, we conclude that the trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges WELLS and JOHNSON concur.

Judge WELLS concurred prior to 30 June 1994.