ODELL DeCAROL WILLIAMSON AND LaDANE WILLIAMSON, FORMERLY LaDANE BULLINGTON, AS TRUSTEES UNDER INSTRUMENT DATED DECEMBER 29, 1988 WITH ODELL WILLIAMSON AND VIRGINIA COX WILLIAMSON, AS GRANTORS, PETITIONERS V. LONG LEAF PINE, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY, AND EXUM FAMILY, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY, RESPONDENTS

No. COA11-634

(Filed 17 January 2012)

## Real Property—boundary dispute—summary judgment proper—expert did not perform survey

A *de novo* review revealed the trial court did not err by granting petitioners' summary judgment motion in a case involving a

boundary dispute. The affidavit prepared by respondents' expert was not substantial evidence that would persuade a person of reasonable mind to accept that the pertinent line was improperly located when respondents' expert had not performed a survey of his own but instead based his conclusions solely on an examination of documents prepared by others.

Appeal by respondents from amended judgment entered 19 January 2011 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 9 November 2011.

*Trest & Twigg, Attorneys at Law, by Roy D. Trest, and BaxleySmithwick, PLLC, by Douglas W. Baxley, for petitioners.*

*Murchison, Taylor & Gibson, PLLC, by Michael Murchison, for respondents.*

ELMORE, Judge.

On 17 October 2009, Odell D. Williamson and LaDane Williamson (petitioners), as trustees of Odell Williamson and Virginia C. Williamson, filed a petition in superior court to resolve a boundary dispute. This dispute was with Long Leaf Pine, LLC, and Exum Family, LLC (respondents). On 19 July 2010, petitioners filed a motion for summary judgment, which was granted on 23 December 2010. The trial court entered an amended judgment on 19 January 2011. Respondents appeal, alleging that the trial court erred in granting the motion because there was a triable issue of fact present. After careful consideration, we affirm the decision of the trial court.

On 27 June 1955, the George E. Brooks heirs conveyed to M.C. Gore by deed a parcel of land that comprised the eastern end of Sunset Beach. The eastern boundary of this tract was labeled the "M.C. Gore line," which itself was tied to measurements originating at the western chimney of the George E. Brooks residence.

In 1963, the North Carolina General Assembly established the Town of Sunset Beach and used the M.C. Gore line to denote the eastern boundary line of the town.

A year later, H.R. Hewett surveyed the property retained by the George E. Brooks heirs. This survey showed that the property contained lots labeled numbers 1 through 9, 1 being the easternmost lot and 9 being the westernmost. Lot 9 was bounded on the western side by the M.C. Gore line.

WILLIAMSON v. LONG LEAF PINE, LLC

[218 N.C. App. 173 (2012)]

In December 1982, Bobby M. Long, a licensed North Carolina surveyor, surveyed the M.C. Gore line by reproducing the measurements described in the 1955 deed. Those original measurements originate from the western chimney of the George E. Brooks residence. Mr. Long was able to reproduce those measurements because the George E. Brooks residence was still in existence at that time.

On 29 December 1988, petitioners acquired Lot 9 of the George E. Brooks Heirs Subdivision. The deed that made this conveyance refers to the M.C. Gore line as shown on the 1964 H.R. Hewett survey map, on which the line serves as the western boundary of the property.

In March 1990, Bobby M. Long and Samuel T. Inman, who is also a licensed North Carolina surveyor, again surveyed the M.C. Gore line. The George E. Brooks residence was still in existence, so they based their measurements on its location and confirmed that it was in the same location of the line listed in the 1982 survey. The two surveyors confirmed the location of the M.C. Gore line again on two other occasions in July and August 2000.

On 26 October 2004, James R. Tompkins, R.L.S., surveyed Lot 10 of what would become the Palm Cove Subdivision. This plot of land is located to the immediate west of Lot 9. The survey showed the eastern boundary line of Lot 10 to be the M.C. Gore line.

On 10 May 2005, Respondent Exum Family, LLC, acquired Lot 10. This deed stated that the land being conveyed was "Lot 10 as shown on a survey map by James R. Tompkins[.]"

On 2 September 2008, respondent Long Leaf Pine, LLC, acquired by non-warranty deed from Sunset Beach & Twin Lakes, Inc., an area of land lying to the east of the M.C. Gore line, beyond the western border of petitioners' property.

The land which respondent Long Leaf Pine, LLC, acquired in 2008 is on the eastern side of the M.C. Gore line, an area that petitioners contend they own. As a result, on 17 October 2009, petitioners filed this proceeding to establish a true boundary line. On 19 July 2010, petitioners filed a summary judgment motion. Respondents opposed this motion and provided an affidavit from Jack Stocks, a licensed North Carolina surveyor. In his affidavit, Mr. Stocks stated his belief that the M.C. Gore line had been incorrectly platted based on his examination of the surveys listed above. He did not perform a survey of the area.

On 19 January 2011, in its amended judgment, the trial court granted petitioners' motion because there were no genuine issues of material fact present in the pleadings, affidavits, arguments of counsel and memoranda of law of the parties. Respondents now appeal.

"On appeal, an order allowing summary judgment is reviewed *de novo.*" *Tiber Holding Corp. v. DiLoreto*, 170 N.C. App. 662, 665, 613 S.E.2d 346, 349 (2005) (citation omitted). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citation omitted). "All inferences of fact must be drawn against the movant and in favor of the nonmovant." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (citation omitted). The granting of a motion for summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A–1, Rule 56(c) (2011).

"The moving party bears the initial burden of coming forward with a forecast of evidence tending to establish that no triable issue of material fact exists." *Briley v. Farabow*, 348 N.C. 537, 543, 501 S.E.2d 649, 653 (1998) (citation omitted).

> The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A–1, Rule 56(e) (2011). "[A]n issue is genuine if it is supported by substantial evidence, which is that amount of relevant evidence necessary to persuade a reasonable mind to accept a conclusion." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (quotations and citations omitted). It means "more than a scintilla or a permissible inference." *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (quotations and citation omitted).

Respondents argue that the trial court erred by granting petitioners' motion for summary judgment because a genuine issue of fact existed as to the location of the boundary line. Respondents argue that the map and accompanying affidavit prepared by their expert is evidence that is substantial enough to prove that a triable issue of fact exists. We disagree.

As the moving party, petitioners bear the initial burden of establishing that no triable issue of material fact exists. They offered a large amount of evidence in support of their position sufficient to satisfy their burden.

Petitioners presented the 1955 deed that created the disputed M.C. Gore line. This deed contained a description of the line and where it lay, and it listed the measurements necessary to find the location of the line using the chimney of the George E. Brooks residence as a reference point. Petitioners submitted evidence illustrating that the M.C. Gore line was used by the North Carolina General Assembly to mark the eastern boundary of the Town of Sunset Beach when it incorporated the town in 1963. Petitioners submitted a 1964 survey done by H.R. Hewett for the George E. Brooks heirs showing the M.C. Gore line to be the western boundary line of the Brooks property. Petitioners submitted a 1982 survey done by Bobby M. Long in which Mr. Long found the M.C. Gore line to be fixed in the same location stated in the 1955 deed and 1964 survey. Petitioners submitted evidence of three other surveys done in March 1990, July 2000, and August 2000, all of which found the M.C. Gore line to be in the same location.

The evidence submitted by petitioners established that the M.C. Gore line is a well documented boundary line that has been in use for half a century. Petitioners, therefore, provided adequate evidence to shift the burden onto respondents, who had to prove the existence of a genuine issue of fact through substantial evidence.

The only evidence respondents have produced is an affidavit and map prepared by their expert, Jack Stocks. In these documents, Mr. Stocks explained how he analyzed the prior surveys done by petitioners' experts, Mr. Long and Mr. Inman, and concluded from his inspection of those documents that the M.C. Gore line has been inaccurately located. Mr. Stocks, though a licensed North Carolina surveyor, did not perform his own survey of the disputed area. Instead, he based his conclusions solely on an examination of the evidence provided by petitioners.

Respondents believe that this evidence is sufficient to establish the existence of a genuine issue of fact and cite *English v. Holden Beach Realty Corp.*, 41 N.C. App. 1, 254 S.E.2d 223 (1979), in support of this position. *English* involved a similar boundary dispute between several landowners and a road developer who was constructing a road on land the owners claimed was theirs. *Id.* at 2, 254 S.E.2d at 227. The trial court granted the owners' motion for partial summary judgment, and the developer appealed. *Id.* at 3, 254 S.E.2d at 228. The owners produced affidavits from two surveyors and who had surveyed the land in question in support of their position, while the developer produced an affidavit from a competing expert who had surveyed the land and had also examined the surveys done by the owners' experts. *Id.* at 4, 254 S.E.2d at 227-28. This Court held that the affidavit prepared by the developer's expert was sufficient to raise a genuine issue of fact. *Id.* at 11, 254 S.E.2d at 232.

Respondents argue that *English* stands for the idea that a genuine issue of fact can be raised in a boundary dispute through the opinion of an expert who has done nothing but review the maps prepared by other surveyors. We decline to accept respondents' interpretation, as *English* cannot be read to support such an argument and is distinguishable from the case at bar. The expert in *English* did not base his opinion solely on an examination of the surveys prepared by others; he performed his own survey of the land in question. *Id.* at 11, 254 S.E.2d at 232. Here, respondents' expert has not performed a survey of his own and he has based his conclusions solely on an examination of documents prepared by others.

The affidavit prepared by respondents' expert is not substantial evidence that would persuade a person of reasonable mind to accept that the M.C. Gore line was improperly located. Petitioners have put forward a sizeable amount of evidence speaking to the long recognized location of the M.C. Gore line. The line has been used as a boundary by several independent parties, including the State of North Carolina. The line has been surveyed on multiple occasions and found to lie in the same location in each survey.

Respondents must provide substantial evidence in favor of the existence of a material fact that amounts to "more than a scintilla or permissible inference," *DeWitt*, 355 N.C. at 681, 565 S.E.2d at 146 (quotations and citation omitted), and the trial court properly concluded that Mr. Stocks's affidavit was not such substantial evidence.

CARDEN v. OWLE CONSTR., LLC

[218 N.C. App. 179 (2012)]

Accordingly, we hold that the trial court properly granted petitioners' motion for summary judgment.

Affirmed.

Judges BRYANT and STEPHENS concur.