**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2225**

MARJORIE PUTNAM; CARL DERRY,

        Plaintiffs - Appellants,

    v.

CIT SMALL BUSINESS LENDING CORPORATION; CIT GROUP/COMMERCIAL
SERVICES, INC.; CIT GROUP/BUSINESS CREDIT; CIT FINANCIAL
USA, INC.; CIT CREDIT FINANCE CORP.,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard,
Senior District Judge.  (5:12-cv-00012-H)

Submitted:  January 30, 2013      Decided:  February 7, 2013

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marjorie Putnam, Carl Derry, Appellants Pro Se.  Brent Alan
Rosser, HUNTON & WILLIAMS, LLP, Charlotte, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marjorie Putnam and Carl Derry ("Appellants") appeal the district court's dismissal for failure to state a claim of their complaint asserting breach of contract allegations against CIT Small Business Lending Corporation, CIT Group/Commercial Services, Inc., CIT Group/Business Credit, Inc., CIT Financial USA, Inc., and CIT Credit Finance Corp. (collectively, the "CIT entities").[1]  We have reviewed the record, and we affirm.

Our review of a district court's grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss is de novo.  Decohen v. Capital One, N.A., ___ F.3d ___, 2012 WL 6685767, at *4 (4th Cir. Dec. 26, 2012) (No. 11-2161).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In support of their claim that their complaint alleged an existing contract, Appellants argue in the alternative. First, they contend that their complaint alleged a breach of a written contract embodied in a written conditional commitment ("Conditional Commitment").  According to the complaint, the CIT

---

[1] Although the complaint asserted other claims, as well, Appellants pursue only the breach of contract claims on appeal.

entities breached an obligation to follow through on an "approved" and "promised" loan to Appellants. But the Conditional Commitment, by its plain language, did not bind the CIT entities to make the loan; it obligated them only to consider Appellants for a loan during a thirty-day window. Because the Conditional Commitment clearly imposed no obligation upon the CIT entities to advance any loan to Appellants, even if, as Appellants argue, it remained in force far beyond the initial thirty days, it cannot serve as the basis of Appellants' contract claim.

Second, Appellants contend that they adequately alleged that the CIT entities breached a contract that was implied-in-fact from the parties' conduct. In North Carolina,[2] "[t]he term, implied in fact contract, only means that the parties had a contract that can be seen in their conduct rather than in any explicit set of words." Miles v. Carolina Forest Ass'n, 604 S.E.2d 327, 333 (N.C. Ct. App. 2004). In other words, "a contract implied in fact arises where the intent of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from their acts." Creech v. Melnik, 495 S.E.2d 907, 911 (N.C. 1998). In

---

[2] The parties do not dispute that North Carolina law governs the implied-in-fact contract claim. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

3

determining whether the relevant parties agreed to reciprocally obligate themselves so as to give rise to an implied contract, a court must "look[ ] not to some express agreement, but to the actions of the parties showing an implied offer and acceptance." Id. at 912 (internal quotation marks omitted).

In our view, Appellants are incorrect in asserting that their complaint alleged an implied-in-fact contract claim against the CIT entities. First, the complaint never identifies precisely what the CIT entities allegedly promised to do. Gray v. Hager, 317 S.E.2d 59, 61 (N.C. Ct. App. 1984) ("Credit transactions do not lend themselves to the supplying of essential terms by the courts by implication."). And, second, even assuming that the complaint could be generously construed as alleging that the CIT entities' conduct evidenced an obligation to advance a promised loan, any such claim would be barred by North Carolina's statute of frauds. See N.C. Gen. Stat. Ann. § 22-5 (2011).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

4