IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-688

No. COA20-816

Filed 18 October 2022

Mecklenburg County, No. 19CVD16822

SCOTT WATERS, Plaintiff,

v.

WILLIAM PUMPHREY, Defendant.

Appeal by Defendant from order entered 2 December 2019 by Judge Michael Stading in Mecklenburg County District Court. Heard in the Court of Appeals 25 August 2021.

> *Essex Richards, P.A., by John C. Woodman and David DiMatteo, for Plaintiff-Appellee.*

> *Legal Aid of North Carolina, Inc., by Isaac W. Sturgill, Jonathan Perry, Andrew Eichen, and Celia Pistolis, for Defendant-Appellant.*

CARPENTER, Judge.

¶ 1        Defendant seeks review of the trial court's grant of Plaintiff's Motion for Summary Judgment, entered on 2 December 2019, allowing the summary ejectment of Defendant. After careful review, we affirm.

## I.        Factual and Procedural Background

A. Establishment of Periodic Tenancy

In July 2015, William Pumphrey ("Defendant") entered into an oral agreement with Scott Waters ("Plaintiff") to lease a room in Plaintiff's property located in Charlotte, North Carolina (the "Property").[1] The terms of the lease agreement obligated Defendant to pay $125.00 per week to Plaintiff, due each Friday. Plaintiff collected $500.00 for four weeks of rent from Defendant's Social Security benefit checks each month.

B. First Summary Ejectment Action

In the winter of 2017, Defendant notified Plaintiff of maintenance issues with the Property, such as a non-functional heating system, decaying floors, a lack of smoke or carbon monoxide detectors, and pests. Defendant and another tenant ultimately contacted the City of Charlotte Code Enforcement Division ("Code Enforcement") to report housing code violations concerning the Property. On 6 March 2018, Code Enforcement officials inspected the Property, and on 12 March 2018, they sent a notice of thirty-three alleged Charlotte Housing Code violations to Plaintiff. Three violations, including lack of operable heating equipment, lack of carbon monoxide detectors, and lack of smoke detectors, rendered the Property "imminently dangerous" under Section 11-45(e) of the Charlotte Housing Code.

---

[1] The Court did not consider any statements in Plaintiff's brief which lacked objective support in the Record on Appeal. *See* N.C. R. App. P. 28(b).

¶ 4        On 7 December 2018, Plaintiff initiated his first[2] Complaint in Summary Ejectment against Defendant, stating Defendant's lease terminated on 30 November 2018, Defendant owed $125.00 in past due rent, and the Property was damaged by "graffiti [and] excessive junk accumulation . . . ." Defendant, through counsel, filed an answer to Plaintiff's complaint and asserted he had not received proper notice to vacate pursuant to N.C. Gen. Stat. § 42-14. Additionally, Defendant filed counterclaims alleging: (1) Breach of Implied Warranty of Habitability pursuant to N.C. Gen. Stat. § 42-42 (2019); (2) Unfair and Deceptive Trade Practices pursuant to N.C. Gen. Stat. § 75-1.1 (2019); and (3) Unfair Debt Collection pursuant to N.C. Gen. Stat. § 75-54(4) (2019).

¶ 5        On 14 January 2019, Defendant testified during trial. The magistrate found in favor of Defendant for Breach of Implied Warranty of Habitability and Unfair and Deceptive Trade Practices, awarding him $5,000.00 in damages and counsel fees. Conversely, Plaintiff's claim was dismissed, and Plaintiff filed notice of appeal to district court. On 24 July 2019, Plaintiff withdrew his appeal.

C. Second Summary Ejectment Action

---

[2] Plaintiff evidently initiated one prior *pro se* summary ejectment action in the fall of 2018, which did not proceed to hearing. Our analysis focuses on the summary ejectment proceedings which were tried to conclusion.

¶ 6 Also on 24 July 2019, Plaintiff, through counsel, notified Defendant and his attorney by certified mail that Defendant's lease was terminated effective 8 August 2019. Despite adequate notice to quit, Defendant did not vacate the Property, and Plaintiff filed his second Complaint in Summary Ejectment against Defendant on 14 August 2019. On 27 August 2019, the magistrate found for Plaintiff in this action, and on 30 August 2019, Defendant appealed for a *de novo* hearing in district court. Pending Defendant's appeal to district court, a stay of summary ejectment was granted on 3 September 2019.

¶ 7 On 8 October 2019, Plaintiff filed a Motion for Summary Judgment. In his 28 October 2019 affidavit, Defendant asserted his belief that the current eviction lawsuit was filed "in substantial response to [him] standing up for [his] rights in court and testifying against [Plaintiff] on January 14, 2019." The district court granted Plaintiff's Motion for Summary Judgment on 2 December 2019, finding the protected act covered under the retaliatory eviction statute was "the complaint and notice from the City of Charlotte Code Enforcement dated 12 March 2018." Since the protected act occurred more than twelve months before the second summary ejectment action, the judge reasoned the retaliatory eviction statute "does not provide for tolling of this period of time pending subsequent litigation or dismissal of an appeal." Further, the trial court found no genuine issue of material fact, as both Plaintiff's and Defendant's affidavits "acknowledge the oral lease, the same

rent amount, as well as the lease termination letter sent on July 24, 2019." Defendant filed a notice of appeal with this Court on 30 December 2019.

## II. Jurisdiction

¶ 8　　The trial court's order granting summary judgment is a final judgment, and jurisdiction therefore lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2021).

## III. Issues

¶ 9　　The issues on appeal are whether the trial court erred in determining: (1) there was no genuine issue of material fact with respect to Defendant's retaliatory eviction defense, thus entitling Plaintiff to summary judgment; and (2) the sole protected act covered by the retaliatory eviction statute was the complaint and notice of hearing from Code Enforcement dated 12 March 2018.

## IV. Standard of Review

¶ 10　　"We review the trial court's summary judgment order *de novo*." *Moore v. Jordan*, 259 N.C. App. 590, 593, 816 S.E.2d 218, 221 (2018). "'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

¶ 11　　Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 56(c) (2021). For an adverse party to overcome a motion for summary judgment, they "may not rest upon the mere allegations or denials of [their] pleading, but [their] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 56(c); *see Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 204, 271 S.E.2d 54, 57–58 (1980) (recognizing that the nonmovant "must come forward with facts, not mere allegations," in order to survive summary judgment).

¶ 12   "A genuine issue of material fact has been defined as one in which the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action . . . ." *Smith v. Smith*, 65 N.C. App. 139, 142, 308 S.E.2d 504, 506 (1983). "[A]n issue is genuine if it is supported by substantial evidence, which is that amount of relevant evidence necessary to persuade a reasonable mind to accept a conclusion[,]" and requires "more than a scintilla or a permissible inference." *Williamson v. Long Leaf Pine, LLC*, 218 N.C. App. 173, 176, 720 S.E.2d 875, 877 (2012) (citations and internal quotations omitted). "Summary judgment is appropriate when the non-movant fails to forecast substantial evidence demonstrating that a genuine issue of material fact exists, requiring determination

by the fact-finding body." *In re Will of Allen*, 371 N.C. 665, 668, 821 S.E.2d 396, 400 (2018).

"When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. All inferences of fact must be drawn against the movant and in favor of the nonmovant." *Strickland v. Hedrick*, 194 N.C. App. 1, 9, 669 S.E.2d 61, 67 (2008). While summary judgment may be inappropriate for some determinations of subjective intent, analysis is required on a case-by-case basis. *See Little by Davis v. Nat'l Servs. Indus., Inc.*, 79 N.C. App. 688, 695, 340 S.E.2d 510, 514–15 (1986).

## V. Analysis

We first examine the parties' oral lease agreement in order to contextualize the issues on appeal for our *de novo* summary judgment review. *See Moore*, 259 N.C. App. at 593, 816 S.E.2d at 221.

### A. Periodic Tenancy

A valid lease contains four essential elements: (1) identity of landlord and tenant, (2) description of land to be leased, (3) a statement of the term of the lease, and (4) rental or other consideration to be paid. *Purchase Nursery, Inc. v. Edgerton*, 153 N.C. App. 156, 161, 568 S.E.2d 904, 907 (2002) (citation omitted). Oral leases for periodic tenancies renew "indefinitely until . . . terminated at the end of one of the periods by a proper notice by either the lessor or the lessee in accordance with

the law." *See Goler Metro. Apartments, Inc. v. Williams*, 43 N.C. App. 648, 652, 260 S.E.2d 146, 149–50 (1979).

¶ 16         When a party to a periodic tenancy seeks to terminate the lease, a minimum term of advance notice is required by statute based on the duration of the tenancy. *See* N.C. Gen. Stat. § 42-14 (2019) (requiring seven days' notice to terminate a month-to-month lease, and two days' notice to terminate a week-to-week lease). "Any tenant or lessee of any house or land . . . who holds over and continues in the possession of the demised premises . . . without the permission of the landlord, and after demand made for its surrender, may be removed from such premises [by summary ejectment]." N.C. Gen. Stat. § 42-26 (2019). Absent an agreement between landlord and tenant, a tenant has neither a legal nor an equitable right to renewal of a lease, *Barnes v. Saleeby*, 177 N.C. 256, 98 S.E. 708, 710 (1919), unless otherwise provided by law.

¶ 17         Here, the record supports and the parties do not dispute the existence of the oral lease or its essential terms. Defendant's property interest under the oral lease consisted of weeklong periods, which renewed each week that proper notice of termination was not provided by either party. On 24 July 2019, when Plaintiff provided Defendant notice to vacate the premises on or before 8 August 2019, the lease was "terminated at the end of one of the periods by a proper notice by . . . the lessor . . . in accordance with the law[,]" and Defendant had no right to renew. *See*

*Goler Metro Apartments*, 43 N.C. App. at 652, 260 S.E.2d at 149–50; *see also* N.C. Gen. Stat. § 42-14. In fact, Plaintiff provided two weeks' advance notice to Defendant, when only two days was required by statute. *See* N.C. Gen. Stat. § 42-14.

¶ 18 As Plaintiff served proper notice of termination and demand for possession, Defendant's interest in the Property expired on 8 August 2019, at which point he became a holdover tenant, subject to summary ejectment proceedings by Plaintiff. *See* N.C. Gen. Stat. § 42-14; *see also* N.C. Gen. Stat. § 42-26.

### B. Propriety of Summary Judgment.

¶ 19 Defendant asserts he pled a *prima facie* retaliatory eviction defense and thus, the trial court erred in entering summary judgment. Plaintiff, on the other hand, argues Defendant's affidavit failed to forecast sufficient evidence of retaliation to survive a motion for summary judgment. Furthermore, even if Defendant pled a *prima facie* retaliatory eviction defense, Plaintiff maintains he is nevertheless entitled to summary judgment under N.C. Gen. Stat. § 42-37.1(c) (2019). We agree with Plaintiff.

¶ 20 Summary judgment allows the Court to jettison disputes with "a fatal weakness in [their] claim or defense" to their legally inevitable conclusion. *Gray v. Hager*, 69 N.C. App. 331, 333, 317 S.E.2d 59, 61 (1984). Only "specific facts showing that there is a genuine issue for trial" are sufficient for a non-movant to prevail on

summary judgment, meaning statements of opinion which fail to "express[ ] certainty about a thing" are inadequate under this standard. N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 56(e); *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 183, 135 S. Ct. 1318, 1325 (2015).

Defendant's assertion of retaliatory eviction fails. The retaliatory eviction statute provides several exclusions to its application, even where a *prima facie* case of retaliatory eviction is successfully pled. *See* N.C. Gen. Stat. § 42-37.1(c). The exclusion relevant to the instant analysis provides, "[a] landlord may prevail in an action for summary ejectment if: In a case of a tenancy for a definite period of time where the tenant has no option to renew the lease, the tenant holds over after the expiration of the term." N.C. Gen. Stat. § 42-37.1(c)(2). It is therefore apparent that the retaliatory eviction statute does not permit the affirmative defense's shield to be used as a sword by holdover tenants to unilaterally extend lease terms beyond the bargained-for period. In other words, the plain language of subsection (c)(2) conditions the availability of a remedy for a residential retaliatory eviction upon the tenant's possession of an otherwise valid property interest under the lease in question. *See id.*

Based on our analysis of the parties' oral lease, Defendant's tenancy for a definite period of time—one week—expired on 8 August 2019. Defendant could not, therefore, prevail on a retaliatory eviction defense where he had no option to renew

the lease, and he held over after the expiration of the term. *See id.* As the material facts pertaining to the terms of the lease and notice to vacate are not in dispute, the trial court's entry of summary judgment was proper. *See In re Will of Allen*, 371 N.C. at 668, 821 S.E.2d at 400.

¶ 23  Finally, we need not determine whether the sole protected act covered by the retaliatory eviction statute was the complaint and notice of hearing from Code Enforcement dated 12 March 2018. Based on our determination that Defendant was a holdover tenant, had no option to renew the lease, and thus could not prevail under the retaliatory eviction statute, *see* N.C. Gen. Stat. § 42-37.1, there were no facts alleged constituting a legal defense which would affect the result of the instant action. *See Smith*, 65 N.C. App. at 142, 308 S.E.2d at 506. Having concluded Defendant's affirmative defense suffers from "a fatal weakness" based on the facts before us, we affirm the trial court's grant of summary judgment to Plaintiff. *See Gray v. Hager*, 69 N.C. App. at 333, 317 S.E.2d at 61.

## VI. Conclusion

¶ 24  Viewing all evidence in the light most favorable to Defendant, we conclude Plaintiff was entitled to summary judgment on his second summary ejectment action, as no genuine issue of material fact was shown with respect to Defendant's retaliatory eviction defense. We therefore affirm the trial court's order.

AFFIRMED.

Judges TYSON and GRIFFIN concur.